**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03216-REB-MJW

ASARCO LLC, a Delaware limited liability company,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;
UNION PACIFIC CORPORATION, a Utah corporation;
PEPSI-COLA METROPOLITAN BOTTLING CO., INC., a New Jersey corporation; and
BOTTLING GROUP, LLC, a Delaware limited liability company,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants Union Pacific Railroad Company's and Union Pacific Corporation's Motion To Dismiss** [#20][1] filed January 9, 2013; (2) **Defendant Pepsi-Cola Metropolitan Bottling Co., Inc's and Bottling Group, LLC's Motion To Dismiss** [#27] filed January 10, 2013; and (3) the **Recommendation on Defendants Union Pacific Railroad Company's and Union Pacific Corporation's Motion to Dismiss (Docket No. 20) and Defendant Pepsi-Cola Metropolitan Bottling Co., Inc's and Bottling Group, Llc's Motion to Dismiss (Docket No. 27)** [#47] filed July 8, 2013. The plaintiff filed objections [#48] to the recommendation, and the defendants filed responses [#50 & #51] to the objections.

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I overrule the objections, approve and adopt the recommendation, grant the motions to dismiss, and dismiss this case.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, and the applicable case law.

The plaintiff, ASARCO LLC, brings this case under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 (CERCLA). ASARCO asserts a claim for contribution under CERCLA § 113(f). In addition, ASARCO asserts a claim for subrogation under CERCLA §§ 107 and 113, based on its alleged status as a subrogee. These are the only two claims asserted by ASARCO.

Addressing the motions to dismiss filed by the defendants, the magistrate judge concluded that the § 113(f) contribution claim is barred because it was filed after the applicable statute of limitations had expired. The parties agree that this claim is subject to a three year period of limitations, but they dispute when ASARCO's possible § 113(f) claim accrued. Having reviewed the recommendation, the plaintiff's objections, the defendants' responses to the objections, and the applicable law, I agree with the conclusion of the magistrate judge: ASARCO's potential § 113(f) claim accrued on June 5, 2009. The Complaint [#1] was filed on December 10, 2012, more than three years after the claim accrued. I agree with the conclusion of the magistrate judge that ASARCO's § 113(f) claim is barred by the applicable statute of limitations and must be dismissed.

ASARCO's subrogation claim is based on its contention that ASARCO LLC, the plaintiff, is a different entity than the ASARCO entity that filed bankruptcy in 2005. The

magistrate judge concluded that ASARCO is not a different entity than the ASARCO entity that filed bankruptcy in 2005. As explained by the magistrate judge, that fact undermines completely ASARCO's purported subrogation claim. Further, as noted by the magistrate judge, a party that pays money to satisfy a CERCLA settlement agreement is limited to a § 113(f) contribution claim and cannot simultaneously seek to recover the same expenses via a claim for subrogation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's objections [#48] to the recommendation are **OVERRULED**;

2. That the **Recommendation on Defendants Union Pacific Railroad Company's and Union Pacific Corporation's Motion to Dismiss (Docket No. 20) and Defendant Pepsi-Cola Metropolitan Bottling Co., Inc's and Bottling Group, Llc's Motion to Dismiss (Docket No. 27)** [#47] filed July 8, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

3. That under FED. R. CIV. P. 12(b)(6), the **Defendants Union Pacific Railroad Company's and Union Pacific Corporation's Motion To Dismiss** [#20] filed January 9, 2013, is **GRANTED**;

4. That under FED. R. CIV. P. 12(b)(6), the **Defendant Pepsi-Cola Metropolitan Bottling Co., Inc's and Bottling Group, LLC's Motion To Dismiss** [#27] filed January 10, 2013, is **GRANTED**;

5. That under FED. R. CIV. P. 12(b)(6), the Complaint [#1] is **DISMISSED** with prejudice;

6. That **JUDGMENT SHALL ENTER** in favor of the defendants, Union Pacific Railroad Company, a Delaware corporation, Union Pacific Corporation, a Utah

corporation, Pepsi-Cola Metropolitan Bottling Co., Inc., a New Jersey corporation, and Bottling Group, LLC, a Delaware limited liability company, and against the plaintiff, ASARCO LLC, a Delaware limited liability company;

7.  That the defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated September 19, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge